UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CLARENCE FRITZ**<br>     A 079 089 179<br>VS. | **CIVIL ACTION NO. 6:15-cv-1642**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN B. BLENCHARD** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Clarence Fritz filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on May 6, 2015. Petitioner is a detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is confined at the South Louisiana Correctional Center (SLCC) awaiting removal to his country of origin. He claims that he was confined in Administrative Segregation in violation of his rights to due process. He claims that his confinement was an act of retaliation because of grievances filed in his former place of detention. He prays for his release from administrative segregation along with compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition for *habeas corpus* be **DISMISSED** for failing to state a claim for which relief may be granted.

*Law and Analysis*

Petitioner contends that his placement and continued detention in administrative segregation violates his due process rights and that he was the victim of retaliation on the part of

the Warden at SLCC. As previously noted, he seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. § 2241. However, petitioner can utilize *habeas corpus* proceedings only if he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); see also *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987).

If "a favorable determination would not automatically entitle [the petitioner] to accelerated release" from custody he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820 – 21 (5th Cir.1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (*per curiam*)).

Here, petitioner does not seek release from DHS/ICE custody at SLCC; instead, he seeks transfer from administrative segregation to the prison's general population and damages. Clearly, a favorable determination on his claims would not result in an accelerated release from custody.

Petitioner maintains that he is wrongfully confined in administrative segregation and has been subjected to retaliation. As such, his petition attacks the conditions of confinement and not the fact or duration of confinement. Should petitioner seek to vindicate his rights, he may file a civil rights complaint pursuant to 42 U.S.C. §1983 (to the extent that he claims that his rights were violated by State actors), or pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (should he claim that his rights were violated by federal actors).

Therefore,

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* filed

pursuant to 28 U.S.C. §2241 be **DISMISSED** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana September 25, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: __9/25/2015__
BY: _____EFA_____
TO: _____RTH_____
pj

3